UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

THE RAYMOND CORPORATION,

    Plaintiff,

v.                                    Case No. 09-CV-316

JUNGHEINRICH LIFT TRUCK
CORPORATION and JUNGHEINRICH AG,

    Defendant.

---

## COMPLAINT

Plaintiff, The Raymond Corporation (hereinafter "Raymond"), by its attorneys, Quarles & Brady LLP, alleges its complaint against defendants Jungheinrich Lift Truck Corporation and Jungheinrich AG (collectively "the Defendants") as follows:

### NATURE OF THE ACTION

1. This Complaint seeks injunctive relief, money damages and other financial remedies for the Defendants' patent infringement arising out of the Defendants' design, manufacture, offer for sale, sale and promotion of the Jungheinrich ETR 320 reach truck, a product that incorporates inventions related to lift truck mast construction that were disclosed in Raymond's U.S. Patents.

2. The patent claims, brought pursuant to Title 35 of the United States Code, involve two patents: Patent No. 7,096,999 (hereinafter "'999 Patent") and Patent No. 7,398,859 (hereinafter "'859 Patent") (collectively "the Patents-in-Suit").

## THE PARTIES

3. Raymond is a corporation organized under the laws of New York, with its principal place of business at 20 S. Canal Street, Greene, NY 13778-0130. Raymond develops, manufactures, and sells electric lift trucks.

4. Jungheinrich Lift Truck Corporation is a corporation organized under the laws of Delaware, with its principal place of business at 5601 Eastport Blvd, Richmond, VA 23231. Jungheinrich Lift Truck Corporation is a direct competitor of Raymond in the electric lift truck market, and sells the Jungheinrich ETR 320 reach truck at issue in this suit.

5. Jungheinrich AG is a Germany-based company with its principal place of business at Am Stadtrand 35, Hamburg, 22047 Germany. Jungheinrich AG designs, manufactures, and sells the Jungheinrich ETR 320 reach truck at issue in this suit.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, with reference to the United States Patent Laws, Title 35 of the United States Code.

7. This Court has personal jurisdiction over the Defendants under 28 U.S.C. § 1400 and Wis. Stat. § 801.05.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE '999 PATENT

9. On August 29, 2006, United States Patent No. 7,096,999 entitled "Mast Construction for a Lift Truck" was duly and legally issued. A copy of the '999 Patent is attached hereto as Exhibit A.

10. The '999 Patent discloses a design for the mast of a lift truck that has minimal obstruction to the truck operator's field of view and claims this mast design.

11.   Raymond is the recorded owner by assignment of the entire right, title and interest in the '999 Patent.

12.   Raymond has manufactured and sold in the U.S. lift trucks that incorporate the design claimed in the '999 Patent.

13.   On July 27, 2007, Raymond notified the Defendants of the '999 Patent and the potential infringement of the Jungheinrich ETR 320 reach truck.

14.   Despite notice of its infringement, the Defendants willfully continued to market and sell the infringing product.

## THE '859 PATENT

15.   On July 15, 2008, United States Patent No. 7,398,859 entitled "Mast Construction of a Lift Truck" was duly and legally issued.  A copy of the '859 Patent is attached hereto as Exhibit B.

16.   The '859 Patent discloses a design for a lift truck with a mast that has minimal obstruction to the truck operator's field of view, and claims lift trucks incorporating this mast design.

17.   Raymond is the owner by assignment of the entire right, title and interest in the '859 Patent.

18.   Raymond has manufactured and sold in the U.S. lift trucks that incorporate the design claimed in the '859 Patent.

## Count I
## INFRINGEMENT OF THE '999 PATENT

19.   Raymond realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 18 of this Complaint.

20. The Defendants have been and currently are infringing, contributorily infringing, and/or inducing the infringement of Claims 1 through 12 of the '999 Patent by making, using, selling, offering for sale, exporting and/or importing, without a license or other authority from Raymond, the ETR 320 reach truck, a product that embodies the inventions claimed in the '999 Patent.

21. The Defendants' infringement of the '999 Patent has been intentional, willful and in reckless disregard of Raymond's rights.

22. The Defendants have caused Raymond substantial injury, including lost profits from the lost sales, for which Raymond is entitled to damages adequate to compensate it for the infringement.

23. The Defendants' direct infringement warrants the assessment of increased damages pursuant to 35 U.S.C. § 284, and an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## Count II
## INFRINGEMENT OF THE '859 PATENT

24. Raymond realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 23.

25. The Defendants have been and currently are infringing, contributorily infringing, and/or inducing infringement of Claims 1 through 21, 23 and 24 of the '859 Patent by making, using, selling, offering for sale, exporting and/or importing, without a license or other authority from Raymond, the ETR 320 reach truck, a product that embodies the inventions claimed in the '859 Patent.

26. The Defendants have caused Raymond substantial injury, including lost profits from the lost sales, for which Raymond is entitled to damages adequate to compensate it for the infringement.

## REQUEST FOR RELIEF

WHEREFORE, Raymond respectfully requests judgment and relief against Jungheinrich as follows:

A. A judgment that both Jungheinrich Lift Truck Corporation and Jungheinrich AG infringed the Patents-in-Suit;

B. Awarding Raymond monetary damages adequate to compensate it for the Defendants' infringement of the Patents-in-Suit, and a preliminary and permanent injunction against the Defendants and all those acting in concert with the Defendants from further infringement;

C. Adjudging that the Defendants' infringement of the Patents-in-Suit is willful, and increasing the Defendants' liability for damages up to three times the amount found or assessed;

D. Declaring that this is an exceptional case under 35 U.S.C. § 285, and for an award of increased damages, attorneys' fees and costs;

E. Awarding pre-judgment interest on any damages award;

F. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

The Plaintiff, Raymond, hereby demands a trial by jury in this action on all claims and issues triable before a jury.

Dated this 20th day of May, 2009.

PATRICK W. SCHMIDT
State Bar No. 1016367
RAYMOND D. JAMIESON
State Bar No. 1027076
JOHANNA M. WILBERT
State Bar No. 1060853
CHERI L. BADEN
State Bar No. 1059020

/s/ Johanna M. Wilbert
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497
Telephone: 414.277.5000

Attorneys for Plaintiff
The Raymond Corporation